IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ISHMAEL ANDREWS et al.         *
                               *
                               *
v.                             *
                               *    Civil Action No.WMN-12-2909
                               *
COMCAST CABLE COMMUNICATIONS   *
MANAGEMENT, LLC                *
                               *

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *

### MEMORANDUM AND ORDER

Before the Court is Defendant's motion to dismiss Count III of Plaintiffs' Amended Complaint. ECF No. 31. The motion is ripe. Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion will be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Ishmael Andrews and Kyle Camp, on behalf of themselves and all others similarly situated, seek to recover overtime wages from the Defendant Comcast Cable Communications Management, LLC (Comcast). Plaintiffs were employed at Comcast's call center as hourly, non-exempt Customer Account Executives (CAE). Plaintiffs allege that they were required to work before and after their recorded start and end of shift to perform duties such as "booting-up computers, initializing several software programs, reading company emails, and

performing other tasks." Am. Compl. ¶ 2. Plaintiffs also allege that they performed work during break periods which included "completing customer orders, finishing customer service calls, logging back into the phone system, re-booting computers, and initializing software programs." Id. at ¶ 3.

To accomplish these required tasks, Plaintiffs allege that they consistently worked approximately 10 to 15 minutes prior to the recording of their start shift. As a result of working before their scheduled shifts, during breaks, and after their scheduled shifts, Plaintiffs worked over 40 hours a week. Plaintiffs allege that the Defendant did not pay employees for their unrecorded overtime work, for which they were entitled to receive compensation at the overtime rate or one and one-half times the hourly pay. Id. at ¶¶ 2-4.

Based on these facts, Plaintiffs bring their claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, the Maryland Wage and Hour Law (MWHL), Md. Code Ann., Lab. & Empl. §§ 3-401-3-407, and the Maryland Wage Payment and Collection Law (MWPCL), Md. Code Ann., Lab. & Empl. §§ 3-501-3-509. Defendant moves to dismiss Plaintiffs' MWPCL claim, Count III of Plaintiffs' Amended Complaint, because the Amended Complaint fails to state a cause of action under that statute. Defendant argues that the Plaintiffs' claim to overtime wages is governed under the FLSA and the MWHL, not the MWPCL.

## II. LEGAL STANDARDS

Defendant moves to dismiss Plaintiffs' MWPCL claim under the Federal Rule of Civil Procedure 12(c), which states that a party may request judgment on the pleadings after the pleadings are closed if brought early enough not to delay trial. A Rule 12(c) motion is governed by the same legal standard as a motion to dismiss under Rule 12(b)(6). See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

"The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint." Butler v. Directsat USA, LLC, 800 F. Supp. 2d 662, 666 (D. Md. 2011). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must plead factual allegations that plausibly demonstrate that the plaintiff is entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2009). When reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations as true, which are viewed in the light most favorable to the non-moving party. Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011).

## III. DISCUSSION

Section 3-507.2 of the MWPCL provides a private cause of action to an employee to recover from an employer unpaid wages under certain circumstances. Under this provision, an employee may only recover when an employer has violated § 3-502 or § 3-

3

505 of the Act. Section 3-502 requires the employer to set regular pay periods and pay the employee at least every two weeks or twice in each month. Section 3-505 requires the employer to pay a terminated employee any wages due within the regular pay period. According to § 3-507.2(b), a court may award an employee treble damages and attorney fees if there is a found violation that an employer withheld wages that was not the result of a bona fide dispute.

In one of the primary Maryland cases discussing the MWPCL, the Maryland Court of Appeals stated that the Act "does not concern the amount of wages payable but rather the duty to pay whatever wages are due on a regular basis and to pay all that is due following termination of the employment." Friolo v. Frankel, 819 A.2d 354, 362 (Md. 2003). The Maryland Court of Appeals also held that, while the MWPCL provides a cause of action for wages unlawfully withheld, it is the MWHL that provides a cause of action for the entitlement of wages owed to an employee. Id. at 361-62. Thus, a claim that focuses on the plaintiff's entitlement to overtime wages falls outside the scope of the MWPCL. Butler, 800 F. Supp. 2d at 671.

"While it may be an intuitive argument that wages which are not paid at all are necessarily not paid on time, courts applying the MWPCL, including this one, have held otherwise." Orellana v. Cienna Props., LLC, No. 11-2515, 2012 WL 203421, at

4

*4 (D. Md. Jan. 23, 2012). For example, in McLaughlin v. Murphy, this Court dismissed Plaintiff's MWPCL claim, because he did not allege that his employer "failed to pay him regularly, but that it failed to pay him enough; and he [did] not allege that [his employer] failed to pay him minimum wage and overtime due him upon his termination, but that it failed to pay him these wages at all." 372 F. Supp. 2d 465, 475 (D. Md. 2004). Similarly, in Butler, this Court held that the plaintiffs failed to state a cause of action under the MWPCL because they "[did] not allege that Defendants failed to pay them on a regular basis or that they were not paid upon termination." 800 F. Supp. 2d at 670. Rather, the plaintiffs' allegations focused on their entitlement to wages and thus was outside of the scope of the Act. Id. at 671; see also, Guevara v. Clean & Polish, Inc., No. 12-2944, 2013 WL 1856357, at *2-3 (D. Md. May 1, 2013) (holding that allegations that focus on the underlying claim of entitlement to wages rather than the timing of payments will be dismissed); Jones v. Nucletron Corp., No. 11-02953, 2013 WL 663304, at *3 (D. Md. Feb. 20, 2013) (same); Calle v. Chul Sun Kang Or, No. 11-0716, 2012 WL 163235, at *4 (D. Md. Jan. 18, 2012) (same); Fisher v. Rite Aid Corp., No. 09-1909, 2010 WL 2332101, at *2 (D. Md. June 8, 2010) (same).

Relying on this well established line of cases, Defendant argues that Count III of Plaintiff's Amended Complaint should be

5

dismissed.  Defendant argues that the Amended Complaint does not contain facts alleging that Comcast failed pay them regularly during their employment pursuant to § 3-502 or that Comcast failed to pay them upon termination pursuant to § 3-505.  Instead, Plaintiffs' allegations focus on their entitlement to the recoupment of overtime wages, a claim that is not governed under the MWPCL.

To avoid dismissal of this claim, Plaintiffs argue that there is a split in authority on this issue, citing Hoffman v. First Student, Inc., No. 06-1882, 2009 WL 1783536, at *10 (D. Md. June 23, 2009) and Reed v. Code 3 Sec. and Prot. Servs., Inc., No. 09-1162, 2009 WL 5177283, at *5 (D. Md. Dec. 18, 2009).  ECF No. 32 at 3-4.  In Hoffman, this Court did deny the motion for summary judgment on plaintiffs' MWPCL claim.  2009 WL 1783536, at *10.  The instant case, however, is distinguishable from Hoffman because, in Hoffman, the dispute focused on "whether the defendant has 'withheld' or 'failed to pay timely' wages due to Plaintiffs."  Id. at *10.  This Court found that there was no dispute that Plaintiffs were entitled to be compensated, at the proper rate of pay, for the hours they worked.  Id.  Here, Plaintiffs' dispute focuses on the entitlement of unpaid wages rather than the Defendant's wrongful withholding of wages.

Similarly, Plaintiffs' also rely on Reed where this Court denied a motion to dismiss a MWPCL claim. No. 09-1162, 2009 WL 5177283, at *5 (D. Md. Dec. 18, 2009). Reed does not support Plaintiffs' argument that there is a split in authority, however, because this Court upheld the prior case law by holding that the MWPCL does not allow recovery for the entitlement of wage claims. Reed, 2009 WL 5177283, at *4. In Reed, the plaintiffs were terminated employees who argued that the employer "withheld" their wages. Their primary claim was premised on § 3-505, which governs wages withheld after termination of employment.[1] Id. This Court opined that, "[b]ecause Plaintiffs allege that, as in Hoffman, the instant dispute centers on whether Defendant withheld wages, and not on whether Plaintiffs were entitled to wages, the Court will not dismiss the MWPCL claims at this stage." Id. at *5.

Plaintiffs also assert that a 2010 amendment to the MWPCL supports their cause of action for overtime wages. ECF No. 32. The 2010 amendment to the MWPCL added "overtime wages" to the definition of wages recoverable under § 3-501. Plaintiffs also present a letter written by the Commissioner of Labor and Industry, Ronald DeJuliis, in which he opines that the purpose

---

[1] Reed was a class action suit. Employees who were still employed by the defendant fell outside of the scope of § 3-505 of the MWPCL and their claim under the MWPCL was dismissed. Reed, 2009 WL 5177283, at *4.

7

of the amendment was to allow an employee to receive enhanced damages from the employer's failure to pay overtime wages. ECF No. 32-3, Feb. 24, 2010 Letter ("I support this bill because I believe that the availability of treble damages for overtime claims will deter employers from violating the law.").

While it may appear that the amendment changed the application of the MWPCL, courts have not adopted this interpretation and have continued to hold that claims focusing on the entitlement to withheld wages falls outside the scope of the MWPCL. See, e.g., Butler, 800 F. Supp. 2d at 669 (holding that the MWPCL does not govern entitlement to overtime wages, even after the passage of the 2010 amendment). The Court believes that the 2010 amendment simply clarified that overtime wages, if not paid on time or upon termination, can give rise to treble damages. It is unlikely that the Maryland legislature would create a second statute, the MWPCL, to provide the same cause of action to remedy the same wrong as the MWHL.[2]

---

[2] The Court is aware that the same issue raised in this motion is potentially at issue in a case currently before the Maryland Court of Special Appeals, Adedje v. Westat, Inc., No. 620 Sept. Term 2012 (Md. Ct. Spec. App.). Plaintiff in that action raises many of the same arguments raised here and oral argument was held recently. Should the Court of Special Appeals reach a conclusion differing from that reached by this Court during the pendency of this action, Plaintiff may move for reconsideration.

Accordingly, IT IS this 28th day of June, 2013, by the United States District Court for the District of Maryland, ORDERED:

1) That Defendant's Motion to Dismiss Count III of Plaintiffs' Amended Complaint, ECF No. 31, is GRANTED;

2) That Count III of the Amended Complaint is DISMISSED; and

3) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
            _____/s/_____
            William M. Nickerson
            Senior United States District Judge
```