```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


JOEL FAUST et al.                  *
                                   *
         v.                        *  Civil Action WMN-10-2336
                                   *
COMCAST CABLE COMMUNICATIONS       *
MANAGEMENT, LLC                    *
                                   *
*    *    *    *    *    *    *    *    *    *    *    *    *

ISHMAEL ANDREWS                    *
                                   *
         v.                        *  Civil Action WMN-12-2909
                                   *
COMCAST CABLE COMMUNICATIONS       *
MANAGEMENT, LLC                    *
                                   *
*    *    *    *    *    *    *    *    *    *    *    *    *

AUBREY FOSTER                      *
                                   *
         v.                        *  Civil Action WMN-15-659
                                   *
COMCAST CABLE COMMUNICATIONS       *
MANAGEMENT, LLC                    *
                                   *
*    *    *    *    *    *    *    *    *    *    *    *    *

KYLE CAMP                          *
                                   *
         v.                        *  Civil Action WMN-15-661
                                   *
COMCAST CABLE COMMUNICATIONS       *
MANAGEMENT, LLC                    *
                                   *
*    *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Plaintiffs in these four related cases work or worked as Customer Account Executives in two of Defendant's Maryland call

centers.  Plaintiffs brought these actions pursuant to the Fair Labor Standards Act ("FLSA") and the Maryland Wage and Hour Law alleging that Defendant failed to pay overtime for time worked before their scheduled shifts began.  The parties have now filed a Joint Motion for Approval of Settlement in each action.  ECF No. 162 in Civ. No. 10-2336; ECF No. 102 in Civ. No. 12-2909; ECF No. 15 in Civ. No. 15-659; and ECF No. 15 in Civ. No. 15-661.

In reviewing a proposed FLSA settlement, the role of the district court is to "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Lynn's Food Stores v. United States, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).  This review includes a finding as to "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement."  Duprey v. Scotts Co., LLC, 30 F. Supp. 3d 404, 408 (D. Md. 2014).

Having considered and resolved several motions in these cases, the Court can say with certainty that there are FLSA issues in dispute. As to the fairness and reasonableness of the settlement, courts look to the following factors: (1) the extent

of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.  Id. at 409 (internal quotations omitted).  Here, Plaintiffs and Defendant are represented by very experienced and competent counsel and the cases were ready for trial.  The Court also finds, based upon its familiarity with Plaintiffs' claims, that the amount of recovery for each Plaintiff under the settlement agreement is reasonable given the expense of trying each Plaintiff's case individually and the uncertainty of any significantly greater award at trial.  There is no indication of fraud or collusion in the settlement.  Finally, the Court finds that the attorneys' fees and costs to be paid to Plaintiffs' counsel are clearly reasonable in that they represent a small percentage of the amount expended in the prosecution of these actions.

Accordingly, the Court will approve the settlement as laid out in the documents accompanying the motions. A separate order will issue.

```
                 _____/s/_____
                 William M. Nickerson
                 Senior United States District Judge
```

DATED: October 22, 2015